STEPHEN G. PREONAS (SBN 245334)
KATZOFF & RIGGS LLP
1801 Century Park East, 25th Floor
Los Angeles, CA  90067
Tel. No. (310) 226-7843
spreonas@katzoffriggs.com

Attorneys for Defendant
REST BEST, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>RED LION INN AND SUITES, et al.<br><br>　　　　Defendants.<br>_____ | Case No. 5:18-cv-02439-AB-SHK<br><br>**DEFENDANT'S ANSWER TO COMPLAINT**<br><br>Complaint Filed:  November 19, 2018<br>Trial Date:         TBD<br><br>**JURY TRIAL DEMANDED** |

　　　　Defendant REST BEST, LLC ("Defendant") hereby respond to the Complaint for Damages and Injunctive Relief For Violations of American's With Disabilities Act; Unruh Civil Rights Act of plaintiff JAMES RUTHERFORD ("Plaintiff" and "the Complaint") and answer, allege and aver as follows.  Defendant reserves the right to amend, add, or strike affirmative defenses as discovery ensues or which are excluded as the result of inadvertence.

**PARTIES**

　　　　1.　　In answer to paragraph 1 of the Complaint Defendant lacks knowledge and

information sufficient to enable Defendant to form a belief as to the truth of these allegations and therefore denies the allegations on that ground.

2.     In answer to paragraph 2 of the Complaint Defendant lacks knowledge and information sufficient to enable Defendant to form a belief as to the truth of these allegations and therefore denies the allegations on that ground.  Defendant states these allegations are conclusions of law, which require no responsive pleading under the Federal Rules of Civil Procedure.  Defendant alleges the contents of Title III of the Americans with Disabilities Act of 1990 and all other statutory measures speak for themselves and on that ground, denies each and every allegation regarding the content of this and any other statute contained in this paragraph.

3.     In answer to paragraph 3 of the Complaint, Defendant admits the allegations contained therein.

4.     In answer to paragraph 4 of the Complaint, Defendant admits the allegations contained therein.

5.     In answer to paragraph 5 of the Complaint, Defendant lacks knowledge and information sufficient to enable Defendant to form a belief as to the truth of these allegations and therefore denies the allegations on that ground..

6.     In answer to paragraph 6 of the Complaint, Defendant lacks knowledge and information sufficient to enable Defendant to form a belief as to the truth of these allegations and therefore denies the allegations on that ground.

7.     In answer to paragraph 7 of the Complaint Defendant lacks knowledge and information sufficient to enable Defendant to form a belief as to the truth of these allegations

and therefore denies the allegations on that ground.

**JURISDICTION AND VENUE**

      8.      In answer to paragraph 8 of the Complaint, Defendant admits the allegations contained therein.

      9.      In answer to paragraph 9 of the complaint, Defendant admits this Court has original jurisdiction over claims brought pursuant to 42 U.S.C. §§ 12101, *et seq.* and 28 U.S.C. § 1331.  As to the remaining allegations regarding this Court's pendant and/or supplemental jurisdiction of claims arising under California law, Defendant states these allegations are conclusions of law, which require no responsive pleading under the Federal Rules of Civil Procedure.

      10.      In answer to paragraph 10 of the Complaint, Defendant admits that the venue is proper pursuant to 28 U.S.C. § 1391(b).

**FACTUAL ALLEGATIONS:**

      11.      In answer to paragraph 11 of the Complaint, Defendant lacks knowledge and information sufficient to enable Defendant to form a belief as to the truth of these allegations and therefore denies the allegations on that ground.

      12.      In answer to paragraph 12 of the Complaint, Defendants admit the Red Lion Inn and Suites is open to the public.  As to the remaining allegations in this paragraph, Defendant lacks knowledge and information sufficient to enable Defendant to form a belief as to the truth of these allegations and therefore denies the allegations on that ground.  Moreover, Defendant states these remaining allegations are conclusions of law, which require no responsive pleading under the Federal Rules of Civil Procedure.

13. In answer to paragraph 13 of the Complaint, Defendant admit that the Red Lion Inn and Suites has a parking lot. As to the remaining allegations in this paragraph, Defendant lacks knowledge and information sufficient to enable Defendant to form a belief as to the truth of these allegations and therefore denies the allegations on that ground.  Moreover, Defendant states these remaining allegations are conclusions of law, which require no responsive pleading under the Federal Rules of Civil Procedure.

14. In answer to paragraph 14 of the Complaint, Defendant denies the allegations.

15. In answer to paragraph 15 of the Complaint, Defendant denies the allegations.

16. In answer to paragraph 16 of the Complaint, Defendant denies the allegations.

17. In answer to paragraph 17 of the Complaint, Defendant denies the allegations.

18. In answer to paragraph 18 of the Complaint, Defendant denies the allegations.

19. In answer to paragraph 19 of the Complaint, Defendant denies the allegations.

20. In answer to paragraph 20 of the Complaint, Defendant lacks knowledge and information sufficient to enable Defendant to form a belief as to the truth of these allegations and therefore denies the allegations on that ground.

21. In answer to paragraph 21 of the Complaint, Defendant lack knowledge and information sufficient to enable Defendant to form a belief as to the truth of these allegations and therefore denies the allegations on that ground.

22. In answer to paragraph 22 of the Complaint, Defendant denies the allegations.

23. In answer to paragraph 23 of the Complaint, Defendant denies the allegations.

24. In answer to paragraph 24 of the Complaint, Defendant denies the allegations.

**DEFENDANT'S ANSWER TO COMPLAINT**

25. In answer to paragraph 25 of the Complaint, Defendant lacks knowledge and information sufficient to enable Defendant to form a belief as to the truth of these allegations and therefore denies the allegations on that ground.

26. In answer to paragraph 26 of the Complaint, Defendant denies the allegations.

27. In answer to paragraph 27 of the Complaint, Defendants deny the allegations.

28. In answer to paragraph 28 of the Complaint, Defendants deny the allegations.

## FIRST CAUSE OF ACTION:
## VIOLATION OF THE AMERICANS WITH DISABILITIES
## ACT of 1990 42 U.S.C § 12181 *et seq.*

29. In answer to paragraph 29 of the Complaint, Defendant hereby incorporates by reference each admission, denial, and each denial on information and belief, as well as explanations regarding those allegations, made in response to paragraphs 1 through 28 inclusive, as though fully set forth herein.

30. In answer to paragraph 30 of the Complaint Defendant lacks knowledge and information sufficient to enable Defendant to form a belief as to the truth of these allegations and therefore denies the allegations on that ground.  Defendant states these allegations are conclusions of law, which require no responsive pleading under the Federal Rules of Civil Procedure.  Defendants allege the contents of Title III of the Americans with Disabilities Act of 1990 and all other statutory measures speak for themselves and on that ground, denies each and every allegation regarding the content of this and any other statute contained in this paragraph.

31. In answer to paragraph 31 of the Complaint Defendant lacks knowledge and information sufficient to enable Defendant to form a belief as to the truth of these allegations

and therefore denies the allegations on that ground. Defendant states these allegations are conclusions of law, which require no responsive pleading under the Federal Rules of Civil Procedure. Defendant alleges the contents of Title III of the Americans with Disabilities Act of 1990 and all other statutory measures speak for themselves and on that ground, denies each and every allegation regarding the content of this and any other statute contained in this paragraph.

32.  In answer to paragraph 32 of the Complaint Defendant lacks knowledge and information sufficient to enable Defendant to form a belief as to the truth of these allegations and therefore denies the allegations on that ground. Defendant states these allegations are conclusions of law, which require no responsive pleading under the Federal Rules of Civil Procedure. Defendant alleges the contents of Title III of the Americans with Disabilities Act of 1990 and all other statutory measures speak for themselves and on that ground, denies each and every allegation regarding the content of this and any other statute contained in this paragraph.

33.  In answer to paragraph 26 of the Complaint, Defendant denies the allegations.

34.  In answer to paragraph 26 of the Complaint, Defendant denies the allegations.

**SECOND CAUSE OF ACTION:**
**VIOLATION OF THE UCRA, CALIFORNIA CIVIL CODE § 51** *et seq.*

35.  In answer to paragraph 35 of the Complaint, Defendant hereby incorporates by reference each admission, denial, and each denial on information and belief, as well as explanations regarding those allegations, made in response to paragraphs 1 through 34 inclusive, as though fully set forth herein.

36.  In answer to paragraph 36 of the Complaint, Defendants allege the contents and

purpose of California Civil Code § 51 and other statutory measures speak for themselves and on that ground deny each and every allegation contained in this paragraph. Defendant denies any allegation that they have violated California Civil Code § 51 or any other statute.

37. In answer to paragraph 37 of the Complaint, Defendant denies the allegations.

38. In answer to paragraph 38 of the Complaint, Defendant denies the allegations.

### AFFIRMATIVE DEFENSES TO ALL CLAIMS FOR RELIEF

### FIRST AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Defendant alleges upon information and belief the Complaint as a whole, and each claim for relief asserted therein, is barred by the expiration of the applicable statutes of limitations set forth in California Civil Code § 335.1, Business and Professions Code § 17208 and federal case law interpreting the same.

### SECOND AFFIRMATIVE DEFENSE

### (Conduct of Third Parties)

Although Defendant denies Plaintiff has been damaged in any way, if it should be determined that Plaintiffs have been damaged, then Defendant alleges upon information and belief the proximate cause of such damage was the conduct of Plaintiff or others for which Defendant was not and is not responsible.

### THIRD AFFIRMATIVE DEFENSE

### (Reserved)

### FOURTH AFFIRMATIVE DEFENSE

### (Equivalent Facilitation)

Defendant alleges, at all times relevant to the Complaint, Defendant made available to Plaintiff, as well as other similarly situated disabled individuals, equivalent facilitation which provided full and equal access to the real property and improvements thereon which are the subject of Plaintiff's Complaint (the "Subject Premises") to the extent reasonably feasible based upon the size and configuration of the Subject Premises.

### FIFTH AFFIRMATIVE DEFENSE

### (Legitimate Business Purpose)

Defendant alleges Plaintiff's recovery in this action is barred because Defendant's acts or omissions, as alleged in the Complaint, to the extent Defendant committed any acts or omissions at all, were done in good faith pursuant to reasonable business justifications and do not constitute intentional acts or omissions resulting in any discrimination against disabled persons or anyone else.

### SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

Defendant is informed and believe, and based thereon alleges, that the Complaint, and the whole thereof, is barred by the doctrine of waiver because Plaintiff had knowledge of the condition of the Subject Premises prior to allegedly visiting the Subject Premises.

### SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Defendant is informed and believes, and based thereon alleges, that the Complaint, and the whole thereof, is barred by the doctrine of estoppel because Plaintiff had knowledge of the condition of the Subject Premises prior to allegedly visiting the Subject Premises and is

KATZOFF & RIGGS LLP
1801 CENTURY PARK EAST, 25TH FLOOR
LOS ANGELES, CA  90067
(310) 226-7843

estopped to assert that they subsequently visited and suffered injury at the Subject Premises.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Defendant is informed and believes, and based thereon alleges, that the Complaint, and the whole thereof, is barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Notify Defendant)

Defendant is informed and believes, and based thereon alleges, the Complaint, and each purported claim for relief contained therein, fails as a matter of law because, to the extent Plaintiff was not provided with equivalent service, access and enjoyment of Subject Premises, it was because Plaintiff failed to give Defendant notice of the need for and an opportunity to do so.

## TENTH AFFIRMATIVE DEFENSE

### (*De Minimis* Deviations)

Defendant alleges Plaintiffs' Complaint as a whole, and the claims for relief contained therein, fail to state a claim for relief as the alleged accessibility violations constitute *de minimis* deviations from state or federal access laws, codes, regulations or guidelines or construction tolerances.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages – SB 1186)

Although Defendant denies Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, then Defendant alleges, based on information and

belief, that Plaintiff has failed to mitigate his purported damages and further alleges, to the extent any damages could have been mitigated, such sums should be deducted from any award of damages. Plaintiff had knowledge of the condition of the Subject Premises prior to allegedly visiting the Subject Premises repeatedly and failed to take steps to mitigate the alleged barriers at the Subject Premises despite purported knowledge of the same.

Defendant alleges that Senate Bill 1186 precludes access Plaintiff from repeatedly visiting the Subject Premises in order to "stack" or to enhance their claims for statutory damages under the Unruh Act or Disabled Persons Act and that Plaintiffs must mitigate their damages. Plaintiffs' violation of their statutory duty to avoid stacking claims therefore bars and/or significantly reduces the amount of statutory damages that plaintiff may seek against Defendant for alleged access violations. Defendant alleges that Plaintiffs visited the Subject Premises for the purpose of litigation and are barred from seeking damages under California law.

## TWELFTH AFFIRMATIVE DEFENSE

**(Reasonable Portion of Facility Accessible)**

Defendant is informed and believe and thereon allege that the Subject Premises does not violate any law, regulation or provision alleged in Plaintiff's Complaint by reason that a reasonable portion of the facility and accommodations normally sought and used by the public are accessible to and useable by persons with disabilities.

## THIRTEENTH AFFIRMATIVE DEFENSE

**(Failure to Utilize Accommodations)**

Defendant alleges that each of Plaintiff's claims for relief is barred because Defendant

made and make reasonable accommodations to its policies, practices, and/or procedures to accommodate Plaintiff's alleged disability but Plaintiff never asked for or sought assistance.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

Defendant alleges Plaintiff voluntarily and with knowledge of the matters alleged in the Complaint assumed any and all of the risks, hazards and perils of the conditions alleged therein, and therefore, assumed the risk of injuries or damages sustained, if any. Plaintiff had knowledge of the condition of the Subject Premises prior to allegedly visiting the Subject Premises repeatedly and assumed the risk of any personal injuries allegedly suffered at the Subject Premises despite purported knowledge of the same.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

Defendant alleges that Plaintiff lacks standing to seek injunctive relief regarding alleged barriers that are unrelated to and do not impact Plaintiffs' alleged disability, to the extent Plaintiff suffered any injury in fact. Defendant alleges Plaintiff's prayer for injunctive relief is barred on the grounds the alleged harm Plaintiff seek to enjoin is entirely speculative and Plaintiff lacks standing to assert same.

Plaintiff lacks standing under the California Civil Code or Article III and cannot establish a violation of the California Civil Code or Title III because Plaintiff is unable to show that: (1) they are qualified individuals with a disability within the meaning of ADA; (2) they were excluded from participation in or denied the benefits of Defendant's services or products, or was otherwise discriminated against by Defendant; (3) any exclusion was by reason of said

disability; (4) that Plaintiff suffered any injury in fact; and/or (5) or that there is any imminent threat of future harm.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Mootness)

Defendant alleges that Plaintiff's claims for injunctive relief regarding alleged barriers are moot because Defendant already intend to remove any barriers alleged in this Complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (ADAAG/California Accessibility Law Compliance)

Defendant is informed and believes, and based thereon alleges, insofar as portions of the Subject Premises may have been altered during any relevant time period, such alterations, if any, are reasonably accessible to and usable by individuals with disabilities in accordance with the Americans with Disabilities Act Accessibility Guidelines, Appendix "A" to 28 Code of Federal Regulations, Part 36, revised as of July 1, 1994 ("ADAAG"), California Health & Safety Code and the California Building Standards Code, to the maximum extent feasible, and is therefore in compliance with applicable state and federal law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts, law, and circumstances known by them at the time that they acted. Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

### NINETEETH AFFIRMATIVE DEFENSE

### (Reserved Defenses)

Defendant alleges they cannot fully anticipate all affirmative defenses that may be applicable to this action based upon the vague and conclusory terms used in the Complaint. Defendant presently has insufficient knowledge or information on which to form and belief as to whether it may have further, as yet unstated affirmative defenses available. Accordingly, Defendant expressly reserves the right to assert further defenses if, and to the extent, such affirmative defenses become known.

WHEREFORE, Defendants pray:

1. That Plaintiff's Complaint be dismissed;

2. That Plaintiff take nothing be reason thereof;

3. That judgment be entered in favor of Defendants;

4. That Defendant be awarded their attorneys' fees and costs of suit, if so allowed by the facts and the law; and

5. For such other and further relief as the Court deems just and proper.

Dated: January 7, 2019

KATZOFF & RIGGS LLP

/s/ Stephen Preonas
KENNETH S. KATZOFF
STEPHEN G. PREONAS
Attorneys for Defendant
REST BEST, LLC